

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

October 26, 1966

Hon. Clarence L. Darter                    Opinion No. C-776
County Attorney
Childress County Courthouse            Re:  Proper distribution of
Childress, Texas                                 certain assets between
                                                          county and newly estab-
                                                          lished hospital district,
Dear Sir,                                                and related questions.

        You have requested an opinion in regard to the
above matter.  We quote from your request as follows:

        "Under the provisions of Article 4494q-43,
an election was recently held in Childress County,
and the Childress County Hospital District was
created.  . . . .

        "Previously, Childress County had operated
a County Hospital, and under Section 2 of the
act authorizing the Hospital District, certain
of the assets of the County Hospital are to be
transferred to the Hospital District, the wording
of the statute being 'There shall be transferred
to it the title to all lands, buildings, improve-
ments and equipment in anywise pertaining to the
hospitals or hospital system owned by Childress
County.'

        "Certain funds and accounts receivable exist
which have been accumulated during the existence
of the County Hospital, and the question arises
as to whether these funds and accounts should
also be transferred by Childress County to the
Hospital District.  The funds and accounts are
as follows:

        "1.  Interest and sinking funds.  The County
Hospital was purchased and improved with funds
derived from the sale of permanent improvement
bonds, and approximately $116,000.00 remains un-
paid upon these bonds.  Childress County has

-3723-

created an interest and sinking fund, with a present balance of $30,619.00 in connection with its permanent improvement bonds.

"In 1963 the County Hospital was air-conditioned and permanent improvement bonds were issued in connection with such expenditures. $14,000.00 of these bonds are outstanding. The sum of $14,000.00 from the operating revenues of the County Hospital has been placed in a savings account designated as an interest and sinking fund for these particular bonds.

"2. Accounts Receivable. During its existence the County Hospital placed upon its books a number of accounts. The amount of money that may be realized from these accounts is uncertain, although some percentage of the accounts are likely to be paid.

"3. County Hospital Operating Funds. On the day the Childress County Hospital District was created, the County Hospital had the total sum of $37,017.37 in its possession, which represented revenue from operations of the hospital. $10,774.67 of this total sum was in a regular checking account, and the balance thereof is represented by time deposit certificates and savings accounts issued in the name of the County Hospital, and bearing interest."

Subsequent to the opinion request, we have learned from your office, and the office of your county judge, that Childress County has never levied any taxes for the operation of the County Hospital. Consequently, the question of whether tax money is present in the assets and accounts involved, and what effect the presence of tax money would have upon disposition of the assets and accounts, is not present in this opinion.

Article 4494q-43, Vernon's Civil Statutes, authorizes the creation of the Childress County Hospital District. Section 2 of said Article is quoted in part as follows:

"The District herein authorized to be created shall take over and there shall be transferred to it title to all lands, buildings, improvements and equipment in anywise pertaining to the hospitals or hospital system

owned by Childress County and any city or town
within such County. . . . Such District shall
assume full responsibility for providing medical
and hospital care for its needy inhabitants
and shall assume the outstanding indebtedness
which shall have been incurred by any city or
town or by Childress County for hospital
purposes prior to the creation of said
District."

The above quoted Section of Article 4494q-43
does not provide for the disposition of the assets and accounts
in question.

In regard to the interest and sinking funds in
the instant case, it is our opinion that Bexar County Hospital
District v. Crosby, 160 Tex. 116, 327 S.W.2d 445 (1959) would
control the disposition of this fund. The Court stated,
(page 448):

"As between the city and the county on
the one hand and the District on the other, the
effect of the assumption by the latter of pay-
ment of the bonds should be construed as an
assumption of the payment of so much of the
bonds as cannot be retired by the sinking funds
on hand. It is our view that the custody of
the sinking fund heretofore accumulated should
remain in the City and County, with the require-
ment that such funds, including all interest
which may have accumulated from the investment
thereof, be applied toward retirement of the
bonds first maturing." (Emphasis added)

The Court in the Bexar case, supra, held that the
hospital district could not compel the City and County to
transfer the Interest and Sinking Fund but the fund could be
voluntarily transferred as long as the fund was used to retire
the outstanding indebtedness regardless of who had custody
of the fund. The Interest and Sinking Fund in the instant
case may be treated in the same manner.

Prior to creation of the Childress County Hospital
District, the accounts receivable and the operating expense
fund were property of the county and subject to the control
of the Commissioners Court. Article 4484, Vernon's Civil
Statutes, provides, in part, as follows:

Hon. Clarence L. Darter, page 4 (C-776)

> ". . .the board shall certify all bills
> and accounts, including salaries and wages,
> and transmit them to the Commissioners Court,
> who shall provide for their payment in the
> same manner as other charges against the
> county are paid." (Emphasis added)

Article 4485, Vernon's Civil Statutes, provides, in part, as follows:

> "He /Hospital Superintendent/ shall
> collect and receive all moneys due the
> hospital, keep an accurate account of the
> same, report the same at the monthly meeting
> of the board of managers, and transmit the
> same to the county collector." (Emphasis
> added)

In a prior opinion this office ruled that revenues from operation of a county hospital should be delivered to the county treasurer for deposit by such county. Attorney General's Opinion No. V-1265 (1951).

Based upon the statutes providing for the disposition of these funds prior to the establishment of the hospital district and the fact that the legislature was silent concerning these assets and funds in the enabling act (Article 4494q-43), it is our opinion that the accounts receivable and the operating expense fund are the property of Childress County and must remain with the county. Harris County Flood Control Dist. v. Mann, 135 Tex. 239, 140 S.W.2d 1098 (1940) p. 1103-1104.

You also requested an opinion from this office on the validity of a proposed contract to distribute these funds between the county and the district. A copy of the contract was attached to your opinion request. In light of the above stated, the only matter which may be disposed of by mutual agreement are the interest and sinking funds to retire the outstanding bonds. The county can relinquish custody of these funds to the Hospital District, but the funds, and all interest resulting from the investment thereof, can only be used to retire the outstanding bonds first maturing regardless of whether it is transferred to the district or remains with the county.

### S U M M A R Y

Either Childress County or the Childress County Hospital District may have custody of

the interest and sinking funds established to retire the hospital bonds so long as the sinking funds, and all interest from the investment thereof, are used to retire the outstanding bonds first maturing. <u>Bexar County Hospital District v. Crosby</u>, 160 Tex. 116, 327 S.W.2d 445 (1959).

The accounts receivable and the operating expense fund of Childress County Hospital are county property and cannot be transferred to the hospital district by contract.

Yours very truly,

WAGGONER CARR
Attorney General

By: James C. McCoy
James C. McCoy
Assistant

JCMcC:sck

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman

John Reeves
John Banks
Paul Phy
Robert Flowers

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright